THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2022

## ATHANASIOS D. EDMONSTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County
No. CR170131   James G. Martin III, Judge**

_____

### No. M2020-01110-CCA-R3-PC

_____

The Petitioner, Athanasios D. Edmonston, appeals from the Williamson County Circuit Court's summary dismissal of his petition for post-conviction relief from his especially aggravated kidnapping, aggravated burglary, aggravated assault, and misdemeanor assault convictions and his effective twenty-four-year sentence. On appeal, the Petitioner contends that the post-conviction court erred by determining that his petition was untimely and that due process did not require tolling the statute of limitations period. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Elizabeth A. Russell, Franklin, Tennessee, for the appellant, Athanasios D. Edmonston.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Kim R. Helper, District Attorney General; Jessica Borne, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 2013, the Petitioner was indicted for especially aggravated kidnapping, aggravated burglary, and two counts of aggravated assault. On July 17, 2014, he was convicted of especially aggravated kidnapping, aggravated burglary, aggravated assault, and misdemeanor assault, and on September 16, 2014, he received an effective twenty-four-year sentence. The Petitioner appealed his convictions, and this court denied relief. *See State v. Athanasios Diakos Edmonston*, No. M2014-02345-CCA-R3-CD, 2015 WL 5458050 (Tenn. Crim. App. Sept. 17, 2015), *perm. app. denied* (Tenn. Jan. 19, 2016).

On February 27, 2017, the Petitioner filed a pro se petition for post-conviction relief, alleging that he received the ineffective assistance of counsel and that additional constitutional violations occurred in the trial court proceedings. He acknowledged that more than one year had passed since the appeal from the conviction proceedings and stated that he had limited access to a legal library because he had been in segregation for more than one year, that he had "sent out multiple post-conviction petitions to be mailed," and that the circuit court clerk "has no record of receiving any of them." The petition stated that the Petitioner gave the present petition to prison authorities on February 22. The envelope containing the petition reflects a February 23 postmark, along with an "outgoing" stamp by prison officials on February 23. Attached to the petition was a handwritten letter from the Petitioner addressed to the circuit court clerk. The letter stated, "[D]ue to you having no record of a pending post-conviction filed on my behalf, here is another petition I am sending to you. Will you please notify me if and when you receive this, thank you."

The record contains a March 2, 2017 letter from the circuit court clerk's office addressed to the Tennessee Attorney General transmitting a copy of the petition for post-conviction relief. The letter reflects that the Petitioner, trial counsel, and the prosecutor were likewise sent a copy of the letter and petition. Post-conviction counsel was appointed on March 20, 2017.

On April 12, 2017, the State sought to dismiss the petition as time-barred and argued that due process did not warrant tolling the limitations period. The Petitioner, in his July 3, 2018 response to the motion to dismiss, conceded that his February 27, 2017 petition was untimely because it was filed after the limitations period expired. The Petitioner argued, though, that the February 27 petition was his second petition, that he prepared a previous petition which was discarded or never delivered to the circuit court clerk's office, and that notary records from prison officials showed he attempted to file a previous petition before the expiration of the limitations period.

On April 5, 2018, in response to the Petitioner's assertion that he attempted to file a petition for post-conviction relief before the expiration of the statute of limitations, the State attached records and affidavits from various prison officials to a renewed motion to dismiss. Notary logs from Anthony Gibson, counselor and notary public for Morgan County Correctional Complex, from June 2016 through May 23, 2017, reflect that Mr. Gibson notarized a document for the Petitioner that was labeled "post-conviction" on December 22, 2016. Mr. Gibson likewise notarized a document for the Petitioner that was labeled "pet. for relief" on February 22, 2017. Additionally, an affidavit from Tennessee Department of Correction Corporal Anthony Hill reflects that Corporal Hill supervised the prison mailroom, that he reviewed the outgoing "legal mail log books" for the period of January 20, 2016, to September 29, 2016, and that he did not find any record of outgoing legal mail in connection with the Petitioner.

Likewise attached to the renewed motion to dismiss was an affidavit from Paul Duncan, Administrative Assistant to Morgan County Correctional Complex Warden Shawn Phillips. The affidavit and corresponding records reflect that between January 20, 2016, and February 23, 2017, the Petitioner submitted outgoing legal mail on February 6, 2017, and February 23, 2017, to the circuit court clerk's office. The records also reflect that Petitioner received legal mail on January 21 and 28, 2016, from the Tennessee Appellate Courts Clerk's Office; on April 27, 2016, from the Board of Probation and Parole; on May 5, 2016, from legal counsel; and on February 13, 2017, from the circuit court clerk's office. We note that the record does not reflect the subject matter of the incoming legal mail from the circuit court clerk's office.

Additional records attached to the renewed motion to dismiss reflect that on October 31, 2016, Warden Phillips provided all of the inmates a memorandum stating the mailroom policies and procedures. Also, records reflect that between October 13, 2016, and January 18, 2018, the Petitioner was housed in the "high security unit" at the Morgan County Correctional Complex. Finally, records containing all of the grievances filed by the Petitioner from the beginning of his confinement through June 13, 2017, reflect grievances related to medical care, food service, counseling services, and property damage. The records likewise reflect that on April 30, 2017, the Petitioner submitted his only grievance related to his "legal mail getting lost or being misplaced." He asserted that delivery of his incoming mail was delayed unnecessarily, that enclosures in correspondence from his attorney were missing, and that prison officials reported lost and misplaced mail. In a formal response, prison officials stated that the Petitioner's mail was "located, sealed and delivered" to the Petitioner and that the mail was opened in the Petitioner's presence. The summary of the grievance hearing reflects that the Petitioner stated he "now understands the mailing procedure for legal mail."

After a lengthy struggle to obtain a complete account of the Petitioner's outgoing legal mail from the prison, on October 25, 2018, the Department of Correction submitted to the prosecutor and to post-conviction counsel the relevant records for the time period between September 2016 and February 2017. Our review of the 337 pages of "responsive records" reflects that the Petitioner provided outgoing mail to prison officials on February 6, 2017, and February 23, 2017. Both the February 6 and February 23 correspondence were addressed to the circuit court clerk's office, but the records do not indicate the subject matter or whether documents were enclosed. The records do not contain any additional entries in connection with the Petitioner's outgoing legal mail.

Although a scheduling conference was on the post-conviction court's docket for November 19, 2018, it was removed after an in-chambers meeting. The "Statement of the Evidence" submitted by the parties on appeal reflects that the parties and the post-conviction court discussed the receipt of the 337 pages from the prison legal mail log. The evidence reflects that during the in-chambers meeting, post-conviction counsel "indicated"

that the prison legal mail log records did not provide the Petitioner with any additional evidence of a previous petition but that the Petitioner believed the evidence showed his petition was untimely because of a "breakdown in the mail processes at the prison." An evidentiary hearing to determine whether due process required tolling the statute of limitations and to consider the merits of the allegations raised in the petition was never held, and on August 28, 2019, the post-conviction court entered an order summarily dismissing the petition for relief.

In the order, the post-conviction court credited the claim in the pro se petition that the Petitioner had been "in segregation" in the prison and that, as a result, he had limited access to a legal library. The court determined, though, that this was insufficient to toll the one-year limitations period. The court found that the Petitioner had failed to present evidence showing that his solitary confinement had prevented the timely filing of a post-conviction petition.

Regarding the Petitioner's assertion that he attempted to file a petition for relief before the expiration of the limitations period, the post-conviction court determined that the Petitioner implied that the prison staff "hindered [him] from sending his outgoing mail and receiving incoming mail." The court determined, though, that the Petitioner failed to show that a petition was delivered to the appropriate prison officials. The court found that although the Petitioner's signature was notarized by Mr. Gibson on a document described as "post-conviction" on December 22, 2016, before the limitations period expired, the notarization of the document did not establish what occurred afterward. The court found that the Petitioner did not provide information related to the date he provided a petition to prison officials and did not identify the prison official to whom he provided a petition. The court found that no evidence showed Mr. Gibson was the appropriate prison official for purposes of Tennessee Supreme Court Rule 28 and Tennessee Criminal Procedure Rule 49. The court found, as well, that the Petitioner failed to establish that he complied with the prison mailroom policies and procedures as outlined in the warden's memorandum.

The post-conviction court cited the prison records, along with the corresponding affidavits, contained in the record to determine that all of the records related to the Petitioner's mail had been produced to the parties. The Petitioner does not dispute this on appeal. The court determined that the records were complete and that the Petitioner had failed to establish any deficiencies. Likewise, the court determined that although the Petitioner did not receive a copy of a March 2, 2017 letter from the circuit court clerk's office addressed to the Tennessee Attorney General transmitting the Petitioner's February 27 petition for relief, it had no bearing on whether the Petitioner filed a timely petition. After concluding that the petition for relief was untimely, the post-conviction court concluded that due process tolling of the one-year limitations period was not warranted. This appeal followed.

The Petitioner contends that the post-conviction court erred by summarily dismissing his petition for relief on the ground that it was time-barred. He requests an evidentiary hearing to present evidence to show that due process requires tolling the limitations period. The State responds that the post-conviction court did not err by summarily dismissing the petition. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). Post-conviction relief is available within one year of the date of a judgment's becoming final. T.C.A. § 40-30-102(a) (2018). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b)(1)-(3). In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. *See Burford v. State*, 845 S.W.2d 204, 108 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing *Long v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

-5-

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. T.C.A. § 40-30-106(b), (d) (2018). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id*. at (b).

The Petitioner concedes that his February 2017 petition was untimely, and none of the Petitioner's claims fit within the statutory exceptions to the one-year statute of limitations. *See id.* § 40-30-102(b)(1)-(3). Although the Petitioner asserts he is entitled to due process tolling of the limitations period because prison officials and mailroom procedures prevented him from timely filing his petition, the record does not contain evidence reflecting that a petition for post-conviction relief was provided to an appropriate prison official before the expiration of the limitations period on January 19, 2017. *See* Tenn. R. Sup. Ct. 28 § 2(G); Tenn. R. Crim. P. 49(d)(1).

Pursuant to the prison "mailbox rule," a post-conviction petition prepared by an incarcerated pro se litigant is deemed timely "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." A petitioner has the burden "to establish compliance with this provision." Tenn. R. Sup. Ct. 28 § 2(G); *see* Tenn. R. Crim. P. 49(d)(3). The record reflects that Mr. Gibson notarized a document labeled "post-conviction" on December 22, 2016, before the limitations period expired, but the record does not reflect when and to whom the Petitioner provided the notarized document. The Petitioner did not assert that he provided a petition to any specific prison official.

The Petitioner stated in his pro se petition that he "sent out multiple post-conviction petitions to be mailed" and that the "clerk has no record of receiving them." In his response to the State's motion to dismiss, the Petitioner stated that the February 2017 petition "was a repeat and/or duplicate filing" and that a previous petition was "either discarded or never delivered . . . due to his solitary confinement." In an affidavit attached to the response to the motion to dismiss, the Petitioner stated that he had "attempted to file multiple petitions for post-conviction relief, however, I do not believe that any of the petitions were filed on my behalf . . . due to being held in segregation." The Petitioner did not explain how his being in segregation would have prevented him from providing a timely petition to an appropriate prison official. We note that the prison mail log reflects outgoing legal mail from the Petitioner on February 6 and 23, 2017, to the circuit court clerk's office and that the Petitioner was in segregation on those dates. Therefore, the record supports the post-conviction court's determination that the Petitioner failed to show he provided any previous petition to an appropriate prison official before the expiration of the limitations period.

Furthermore, the record supports the post-conviction court's determination that the Petitioner failed to show that he complied with the prison mailroom policies and procedures in an attempt to provide a petition for relief to the appropriate prison officials before the expiration of the limitations period. The policies and procedures were provided to all of the prison inmates on October 31, 2016, and the memorandum reflects that postage was paid by the prison for all indigent inmates and that indigent inmates were required to sign a "Personal Withdrawal" form for the cost of postage if and when funds became available to the inmate. The Petitioner did not attach to his petition any records reflecting that he signed the withdrawal form or that funds were deducted from his prison account on or before the expiration of the limitations period.

Although the Petitioner requests an evidentiary hearing for the opportunity to establish that he provided a previous petition for relief to an appropriate prison official, the statement of the evidence submitted by the parties reflects that at the in-chambers meeting, post-conviction counsel stated that the complete prison mailroom log records did not contain additional evidence that would modify the Petitioner's response to the motion to dismiss. The statement of the evidence does not reflect that the Petitioner wanted to obtain any additional evidence to present to the post-conviction court. Furthermore, the Petitioner did not indicate the need to obtain or the intent to present further evidence to the post-conviction court. Therefore, the record supports the post-conviction court's summary dismissal of the petition as untimely and its determination that due process tolling of the limitations period was not warranted. *See* T.C.A. § 40-30-106(b). The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-7-